UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN BOYNTON DAVIS,

    Plaintiff,

v.    Case No. 3:15-cv-649-J-34JRK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

### ORDER OF SPECIAL APPOINTMENT; DIRECTING SERVICE OF PROCESS UPON DEFENDANTS; NOTICE TO PLAINTIFF

1. Plaintiff was previously granted leave to proceed *in forma pauperis* in this action. See Order (Doc. 28).

2. The United States Marshal or a Deputy United States Marshal shall serve a copy of the Amended Complaint (Doc. 22) and this Order upon the Defendants within **thirty days** of this order. All costs of service shall be advanced by the United States.

3. The court-appointed Special Appointees in the following paragraphs must complete and sign the Returns of Service and return them to the Court as proof of service. Each Defendant must sign a Return of Service as an acknowledgment of receipt of service.

4. Under Federal Rule of Civil Procedure 4(c), the Court appoints **Debra Hix and Shaveon Nelson** to serve process on the following individual at the Central Office in Tallahassee, Florida:

    **Julie Jones, FDOC Secretary**
    501 South Calhoun Street
    Tallahassee, Fl 32399-2500.

All costs of service shall be advanced by the United States.

5. The United States Marshal or a Deputy United States Marshal shall serve a copy of the Amended Complaint (Doc. 22) and this Order upon **Defendant Corizon Health** within **thirty days** of this order at the following address:

> **Corizon Health**
> 103 Powell Court
> Brentwood, TN 37027.

All costs of service shall be advanced by the United States. The United States Marshal or Deputy United States Marshal may complete and return a USM-285 form rather than a "Return of Service" form, if appropriate.

6. Under Federal Rule of Civil Procedure 4(c), the Court appoints **Daryl Tomlinson and Shelly Glass** to serve process on the following individual at Columbia Correctional Institution: **Dr. Marceus (a primary care physician).**

7. Under Federal Rule of Civil Procedure 4(c), the Court appoints **D.A. Johnson and Tiffany Herring** to serve process on the following individuals at Hamilton Correctional Institution: **Dr. Chuong Le (a primary care physician), and Dr. Cabrero-Muniz (a primary care physician).**

8. Under Federal Rule of Civil Procedure 4(c), the Court appoints **Mary Lou McLeod and Heather Klein** to serve process on the following individual at the Reception and Medical Center: **Dr. Montoya (a physician specializing in hemotology).**

9. If a Defendant is no longer employed at the location designated in this Order, the Special Appointee shall notify the Court on the Return of Service (Section II.) that service of process cannot be executed upon the Defendant. If the Defendant is still employed with the Department of Corrections, the Special Appointee shall notify the Court as to the Defendant's new place of employment. If the Defendant is no longer employed with the Department, the Special Appointee shall notify the Court in Section II. and forward a copy of the Return of Service to the Department of Corrections for its compliance as directed below.

10. If a Defendant is no longer employed with the Florida Department of Corrections, the Department must notify the Court, **within thirty days from the date of attempted service**, as to whether there is a forwarding address for the Defendant. If the forwarding address for a Defendant is confidential, the Florida Department of Corrections must provide the confidential address to the Court in camera (titled "Defendant's Confidential Address") **within thirty days from the date of attempted service.** The Court will direct the United States Marshal to complete service of process upon the Defendant at the forwarding address.

11. Defendants shall have **sixty days** from the date of service of process in which to answer or otherwise respond to the operative Amended Complaint.

12. Before counsel has appeared for Defendants, Plaintiff must send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Defendants, the copy must be sent directly to counsel for Defendants, rather than to Defendants personally. Plaintiff must include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

13. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendants or counsel for Defendants, the Court will strike the document.

14. Plaintiff shall immediately advise the Court of any change of address. He shall title the document "Notice of Change of Address" and not include any motions in it. This notice must contain the address change and the effective date.

15. All transcripts, briefs, affidavits, and other documentary exhibits accompanying any pleadings must be individually marked for identification. Composite exhibits must also be individually marked for identification. A table of contents or index (with a title, description, and date of each document) must be included to aid the Court in the location of each exhibit.

The Court will strike and return any exhibits that do not comply with these requirements.

16. If Defendants file a motion to dismiss, Plaintiff shall have **thirty days** to file his response to the motion to dismiss. In an abundance of caution, pro se Plaintiff is advised that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Defendants file a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall have **thirty days** to file his response. If Defendants file a motion for summary judgment, Plaintiff shall have **thirty days** to file his response.

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the

response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute.

In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no trial, and the case will be terminated in this Court.

17. A party who electronically files a document exceeding twenty-five pages (including exhibits) in length must provide a courtesy copy of the document (including exhibits) in paper format to the assigned judge's chambers. The courtesy copy does not need to be provided simultaneously with the electronic filing of the document; however, the courtesy copy should be submitted as promptly as possible and may be provided via United States mail or other reliable service.

18. The parties are notified that, after all of the Defendants have been properly served and defense counsel appears in the instant action, the Court will set deadlines for discovery and the filing of dispositive motions. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. If Plaintiff is still incarcerated at that

time, Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition. The parties must make a good faith effort to comply with all court deadlines and avoid unnecessary delay in the proceedings.

19. If Plaintiff no longer desires to pursue this action or prefers to dismiss this case without prejudice to refile at a later date (to develop the facts, seek the assistance of an attorney, research the legal issues, and/or initiate a case in state court), he may file a motion for voluntary dismissal of the action. However, Plaintiff should take into account the running of the four-year statute of limitations in making such a decision. Or, Plaintiff may proceed in this action by strictly following the dictates of this Order.

20. At any time, the parties may inform the Court of the possibility of settlement and whether they are able to settle the matter privately among themselves. Moreover, they may request a settlement conference before a Magistrate Judge to aid in their negotiations, if appropriate.

21. The Clerk of Court must provide a copy of this Order to: (1) Alexandria Williams, Assistant General Counsel for the Florida Department of Corrections (FDOC), and (2) FDOC, Legal Department.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September, 2016.

JAMES R. KLINDT
United States Magistrate Judge

sc 9/28
c:
John Boyton Davis, FDOC #169375
U.S. Marshal
Returns of Service (attached)
FDOC, Legal Department
Alexandria Williams, FDOC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
**John Boynton Davis, Case No. 3:15-cv-649-J-34JRK**
<u>**RETURN OF SERVICE**</u> (COMPLETE AND RETURN TO THE COURT)

**Section I.** I hereby acknowledge that service of process **<u>was executed</u>** by serving Defendant _____ by giving him/her a true copy of the documents listed in the order directing service of process. The following documents were also served on the above-named Defendant:

_____

**DATE SERVED:** _____

BY: _____
 (United States Marshal or Special Appointee's signature/printed name)

As Defendant in this action, I hereby acknowledge receipt of service of process on my own behalf.

_____     _____
   Defendant's Signature           Defendant's Printed Name

**Section II.** I hereby acknowledge that service of process **<u>cannot be executed</u>** upon the Defendant for the following reason(s): (please print)

_____
_____
_____

I hereby acknowledge that I took the following additional step(s) to attempt to locate and serve the above-named Defendant: (please print)

_____
_____
_____

**DATE OF ATTEMPTED SERVICE:** _____
BY: _____
   (US Marshal or Special Appointee's signature/printed name).