IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN BOYNTON DAVIS,
DOC# 169375,

    Plaintiff,

v.                                        Case No.: 3:15-CV-649-MMH-JRK

JULIE L. JONES, SECRETARY
FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.,

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS

**Julie L. Jones, Secretary of the Florida Department of Corrections** ("Defendant"), by and through undersigned counsel, hereby moves this Court to dismiss Plaintiff's Third Amended Complaint, (Doc. 22),[1] based upon Plaintiff's case being moot and his failure to state a claim upon which relief may be granted. In support, Defendant submits the following:

## BACKGROUND

1. Plaintiff is a prisoner in the custody of the Florida Department of Corrections who is currently housed at Hardee Correctional Institution. *See* FDOC's Offender Search page, http://www.dc.state.fl.us/AppCommon (last visited January 10, 2017) (John Boyton Davis, DC# 169375).

2. Plaintiff filed the instant action on May 26, 2015 in the United States District Court for the Middle District of Florida. (Doc. 1).

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

3. On November 11, 2016 counsel entered a Notice of Appearance, *see* (Doc. 39), on behalf of Defendant based on service of Plaintiff's Third Amended Complaint. *See* (Doc. 30).

## STATEMENT OF FACTS

4. Plaintiff has brought suit against Defendants under the Eight Amendment to the United States Constitution. *See* (Doc. 22 *generally*).

5. That Defendants are liable to Plaintiff for Medical indifference to his medical needs dealing with his Hepatitis C and other medical conditions. *Id. generally*.

6. As relief, Plaintiff requests injunctive relief and seeks $5,000 in both compensatory and punitive damages against each Defendant. *Id*. at 6, 8.

## MOTION TO DISMISS STANDARD

In deciding a motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. Additionally, dismissal is warranted if,

assuming the truth of the factual allegations of the complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### MEMORANDUM OF LAW

**I.    Plaintiff's Complaint should be dismissed as his Injunctive Relief claims are now moot.**

Plaintiff's Complaint should be dismissed because Plaintiff's case is now moot because he has been released from the custody of Defendant. "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) (quoting *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006)). The exercise of jurisdiction by the federal courts "depends upon the existence of a case or controversy." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation and internal quotation marks omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013); *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Put another way, [a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (citations and internal quotation marks omitted).

Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). In fact, "dismissal is required because mootness is jurisdictional." *Id.*, (citing *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1227 n. 14). *See also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("The question of mootness is ... one which a federal court must resolve

before it assumes jurisdiction."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1217 (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Plaintiff's Third Amended Complaint largely revolves around the lack of medical treatment for his alleged hernia(s) and his Hepatitis C. *See* (Doc. 22 *generally*). As relief, Plaintiff requests that this Court, "enter a Judgment granting Plaintiff: a declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States. Plaintiff asks for the court to order I be treated forthwith for Hepatitis C, Thromo Cytopenia and double hernias." *Id*. at 6, 8. Plaintiff's release from the custody of the Florida Department of Corrections, *see* FDOC's Offender Search page, http://www.dc.state.fl.us/AppCommon (last visited January 10, 2017) (John Boyton Davis, DOC# 169375), has mooted this relief as Plaintiff is free to seek the medical treatment he has requested outside of the treatment provided by Defendant. As a result, Plaintiff's injunctive relief must be dismissed.

II. **Defendant is entitled to Eleventh Amendment immunity to the extent it is sued in its official capacity for damages.**

To the extent that Plaintiff is suing Defendant in its official capacity, Defendant is entitled to immunity under the Eleventh Amendment. A suit against a state employee in an official capacity is a suit against the State for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In the absence of any waiver or express congressional authorization, which is not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490

4

(11th Cir. 1995). It is apparent that Florida has not waived its sovereign immunity nor consented to be sued in damage suits brought pursuant to § 1983. *See Gamble v. Florida Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986). Florida has explicitly not waived its Eleventh Amendment immunity from suit in Federal Court. § 768.28(18), Fla. Stat. (2017). Accordingly, Defendant is immune from suit in its official capacity and all official capacity claims against it for damages must be dismissed.

### III. Plaintiff fails to state a claim against Defendant.

For dismissal, the factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). While facts are liberally construed in favor of the plaintiff in a motion to dismiss, exceptions to this rule are where the alleged facts are either internally inconsistent or can be disproven by facts of which the court can take judicial notice, are based on conclusory allegations or unwarranted deductions, or are merely legal conclusions. *Ellen S. v. Fla. Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D.Fla. 1994) (citations omitted). *See also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036, n.16 (11th Cir. 2001) ("In the light of the usual pleading requirements of Fed. Rule Civil Proc. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal"). The plaintiff must plead facts for a claim of relief that is "plausible on its face" and allow for the "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "'[N]aked assertions' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, *do not suffice*." *Ashcroft*, 129 S. Ct. at 1949 (quoting and citing *Twombly*, 550 U.S. at 555, 557) (emphasis added). Conclusory or unsupported statements, without more, are insufficient to show a right to relief. *See Ashcroft, supra*; *Twombly, supra*. Further, it is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face, and is subject to dismissal when the facts pled do not meet this requirement. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *Twombly*, 550 U.S. at 570.

With respect to Defendant, Plaintiff has failed to demonstrate at any point how Defendant is liable for damages committed against Plaintiff. Throughout his Complaint, Plaintiff attempts to attribute liability to Defendant by making conclusory allegations that Defendant should have been aware of actions by independent third parties. *See* (Plaintiff's Third Amended Complaint *generally*). None of these allegations would support claims against Defendant as Defendant was not actively involved in preventing or treating Plaintiff. Plaintiff fails to describe how any actions undertaken and performed by Defendant expose it to liability for claims brought under § 1983.

Further, to the extent that Plaintiff is attempting to allege that Defendant is liable based on the doctrines of *respondeat superior* or vicarious liability, such claims are unavailable. *See Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992) (citing *Monell v. Dep't of Soc. Srvcs.*, 436 U.S. 658 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). Defendant must in some way caused the injuries allegedly sustained by Plaintiff. *Swint v. City of Wadley*, 51 F. 3d 988, 999 (11th Cir. 1995) (citing *Rivas and Zalter; Rivas v. Freeman*, 940 F. 2d 1491, 1495 (11th Cir. 1991)); *Zalter v. Wainwright*, 802 F. 2d 397, 401 (11th Cir. 1986). An individual cannot be held liable for the

6

omissions or actions of others, and a supervisor can only "be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." *Am. Fed'n of Labor v. City of Miami*, 637 F. 3d 1178, 1190 (11th Cir. 2011). There are no allegations which describe how Defendant personally participated in any of Plaintiff's claims, and therefore, Plaintiff fails to state a claim against Defendant.

## CONCLUSION

For the aforementioned reasons, Defendant requests that Plaintiff's complaint be dismissed as described above.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Erik Kverne
**ERIK KVERNE**
**Assistant Attorney General**
**Florida Bar No. 99829**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Erik.Kverne@myfloridalegal.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion to Dismiss* was e-filed electronically and served on all parties through CM/ECF on January 10, 2017, and furnished by U.S. Mail to: John B. Davis, DOC# 169375, 1204 14th St. West, Bradenton, Florida 34205 on January 10, 2017.

/s/ Erik Kverne
ERIK KVERNE
**Assistant Attorney General**
**Florida Bar No. 99829**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Erik.Kverne@myfloridalegal.com