UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE No. 3:15-cv-00649-MMH-JRK

JOHN BOYNTON DAVIS,

    Plaintiff,

vs.

SECRETARY, DEPARTMENT OF CORRECTIONS JULIE JONES, DR. MARCEUS, DR. CABRERO-MUNIZ, CORIZON HEALTH CORPORATION, DR. LE CHUONG, DR. MONTOYA, individually and in their official capacity,

    Defendants.
                                        /

## DEFENDANTS CORIZON, LLC AND DR. LE'S MOTION TO DISMISS

Defendants Corizon, LLC ("Corizon") and Dr. Le ("Le"), pursuant to Federal Rule of Civil Procedure 12, and rule 3.01, Local Rules of the United States District Court for the Middle District of Florida, file this Motion for Dismiss Plaintiff's Third Amended Complaint ("Complaint") [ECF #22] as follows:

## MOTION

1. *Pro se* Plaintiff John Boynton Davis ("Davis") filed his Third Amended Complaint ("Complaint") on April 28, 2016.

2. Davis claims Corizon and Le violated his 8th amendment right to adequate medical care during his incarceration at the Hamilton Correctional Institution. Davis was released from custody on January 7, 2017.

3. The claims do not support a constitutional violation, and Davis failed to exhaust administrative remedies.

4. Therefore, the claims should be dismissed.

## MEMORANDUM OF LAW

### I. Background

Corizon previously provided medical care to inmates in certain Florida Department of Corrections prisons, and Le was a physician employee at the Hamilton Correctional Institution.

According to the Complaint, Davis entered custody in November 2011, and was diagnosed with hernias and Hepatitis C. He claims Corizon and Le refused surgery for the hernias and medications that would cure Hepatitis C [ECF #22, p. 6].[1]

The only mention of any interaction with Le is that he saw Davis in November 2015, told him he was on a waiting list, and did not refer him to a surgeon. The only allegation against Corizon is that it "refuses because they don't want to absorb the cost" [ECF #22, p. 7].

---

[1] Citation to the Complaint is by pages numbers as they appear in the ECF system.

Attached to the Complaint are what Davis claims to be all grievances related to his claims. Many of the grievances were found to be noncompliant with rules. None of those grievances mention hernias, Dr. Le or relate to Davis' incarceration at the Hamilton Correctional Institution [ECF #22, pp. 6, 14-55].

II. **Argument**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal* at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially

plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### A. Section 1983 and the 8th Amendment

42 U.S.C. § 1983 was enacted as part of the Civil Rights Act of 1871, as the "Ku Klux Klan Act." The section provides a private, federal remedy for persons deprived of federal rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979). As such, it is a mechanism for bringing claims for federal

constitutional or statutory violations.  To prevail on a claim brought through section 1983, a plaintiff "must show violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights."  *Rivas v. Freeman*, 940 F.2d 1491, 1496 (11th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a prisoner section 1983 claim, a complaint must contain allegations of deliberate indifference.  The deliberate indifference showing requires allegations that the inmate suffered an objectively serious medical need, and the defendants intentionally disregarded that need.  *See Farmer v. Brennan,* 511 U.S. 825, 833-38, (1994); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 n.28 (11th Cir. 1994) (recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law).  A serious medical need is one that has been diagnosed by a physician as needing treatment or one for which even a layperson would recognize the need for a doctor's care.  *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir.1995) (stating that a serious medical need is one obvious to layperson or supported by medical evidence, like physician's diagnosis).

### B. Corizon's Liability

Because Corizon is a corporation, liability only attaches if an unconstitutional policy or custom of the corporation causes the alleged deprivation of constitutional rights, as "it is when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts [that] may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir.2001) (*en banc*) (stating that a [corporation] is "liable under section 1983 only for acts for which the county is actually responsible"); *Buckner v. Toro*, 116 F.3d 450 (11th Cir.1997) (extending the application of *Monell* to private corporations performing traditional public functions). "A policy is a decision that is officially adopted by the [corporation], or created by an official of such rank that he or she could be said to be acting on behalf of the [corporation]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir. 1997). "To establish a policy or custom, it is generally necessary to show a persistent and widespread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the [corporation]." *Depew v. City of St. Mary's,* 787 F.2d 1496, 1499 (11th Cir. 1986).

However, a plaintiff must do more than merely identify a policy—there must be proof the policy was created with "deliberate indifference to its known or obvious consequences." *Davis v. DeKalb County Sch. Dist.*, 233 F.3d 1367, 1375-76 (11th Cir. 2000); *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658 (1978). That is, " 'liability under § 1983 attaches where-and only where- a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *Brown* at 388 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 683-84 (1986) (Brennan, J., plurality)).

A plaintiff's burden is heavy, and the 11th Circuit described both the required showing and the reason for the heightened showing:

> This high standard of proof is intentionally onerous for plaintiffs; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to *respondeat superior* liability-a result never intended by section 1983. As the Supreme Court has explained, '[t]o adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident.

*Gold v. City of Miami*, 151 F.3d 1346, 1351 n. 10 (11th Cir.1998); *see also Brown* at 415-16 (stating "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability").

The Toomey Law Firm LLC • The Old Robb & Stucky Building, Suite 203 • 1625 Hendry Street • Fort Myers, Florida 33901

Four reasons support Corizon's dismissal.  First, while Hepatitis C may be considered a serious medical need under certain circumstances, that is not the case here.  The disease is not always treated, and according to the documents attached to the Complaint, Davis was placed on a wait list for medications, which would be provided if his condition evolved to the point where medical criteria warranted treatment with medications.  In fact, he was told several times that his condition did not meet medical criteria for treatment [ECF #22, pp. 34, 43, 55, 57].  He simply did not have a need for treatment.

Second, there is no identification of an unconstitutional Corizon policy created with the requisite degree of culpability.  In fact, there are no factual allegations regarding Corizon.  *See Iqbal*, 556 U.S. at 678*; Twombly,* 550 U.S. at 570*; Pierre v. City of Miramar, Fla., Inc*., 537 F. App'x 821, 827 (11th Cir. 2013) (*per curiam*)(affirming dismissal where a complaint contained no factual allegations supporting a custom or policy); *Harvey v. City of Stuart,* 296 F. App'x 824, 826 (11th Cir. 2008) (affirming dismissal of a municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint").[2]  All Corizon and the Court is given is a vague "saving money" statement.  This is clearly insufficient.

---

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam) (citation omitted).

Third, and because there is no identified policy, there are no allegations that unidentified policy had a direct causal effect. "Congress did not intend [corporations] to be held liable unless *deliberate* action attributable to the [corporation] directly caused a deprivation of federal rights." *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). For corporate action "to meet this burden, a plaintiff must demonstrate that the lawful action was 'taken with deliberate indifference as to its known or obvious consequences.' " *McDowell v. Brown*, 392 F.3d 1283, 1291 (11th Cir. 2004) (quoting *Brown*, 520 U.S. at 407).

Fourth, to the extent Davis seeks to base Corizon's liability on employees, that claim is clearly barred. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, (1997) (rejecting vicarious liability in section 1983 cases).

### C. Le's Liability

To establish individual liability under section 1983 for inadequate medical treatment, a prisoner must show a failure to provide medical treatment amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Supreme Court has held that it is only "deliberate indifference to serious medical needs of prisoners" which will give rise to a claim of cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "Medical treatment violates the Eighth Amendment

only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991), quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). The conduct of medical professionals must violate evolving standards of decency or involve the unnecessary and wanton infliction of pain. In *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985), the 11th Circuit held an inmate's dissatisfaction with the medical treatment provided by medical professionals did not constitute a violation of the 8th as long as the treatment provided did not amount to deliberate indifference. The 8th Amendment is implicated only when attention to serious medical conditions are intentionally and deliberately denied. *Barfield v. Brierton*, 883 F.2d 923, 938 (11th Cir. 1989).

Claims of negligence are never enough to satisfy pleading requirements, as "should haves" are not grist for constitutional litigation. Due process prohibits jail officials from exhibiting deliberate indifference to prisoners' serious medical needs, but the Supreme Court has stated that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106; *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir. 1995). In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the court reinstated the district court's dismissal of a prisoner's section 1983 complaint for failure to state a claim. Recognizing that the plaintiff's primary

claim was that "more should have been done" to diagnose and treat a back injury, the Court explained, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "There is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not . . . .'" *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quoting *Farmer,* 511 U.S. at 838); *see Haley v. Gross,* 86 F.3d 630, 641 (7th Cir. 1996) (holding that "negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk"); *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Three reasons support Le's dismissal. First, and for the same reason as applied to Corizon, Davis does not state a serious medical need. He simply did not have a medical need for medications while he was incarcerated.

Second, Davis' claim that he should be cured of Hepatitis C, despite evidence to the contrary, is nothing more than a difference of medical opinion between him and his medical providers.

Third, Davis does not claim his condition worsened because he did not receive medications. This is not surprising, as he did not have a need for medications. Therefore, causation and damages are absent.

### D. <u>Davis failed to exhaust administrative remedies.</u>

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before proceeding in federal court. 42 U.S.C. § 1997e ("[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . .until such administrative remedies as available are exhausted."). The exhaustion requirement is a precondition to bringing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2002). When a defendant raises the issue of failure to exhaust, it is usually treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008). However, where a prisoner files suit, then is released from prison without exhausting, dismissal is appropriate. *Woodford v. Ngo*, 548 U.S. 81, 87-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).

The Florida Administrative Code contains procedures for inmates to file grievances. Medical grievances may be brought initially as formal grievances at the institutional level within 15 days of "[t]he date on which the incident or action being grieved occurred." Fla. Admin. Code § 33-103.006, § 33-103.011. If the inmate is dissatisfied with the response to the formal grievance, he may file an administrative appeal to the Office of the Secretary within 15 days of the date of the response to the formal grievance. Fla. Admin. Code § 33-103.007, § 33-103.011(1)(c).

Davis did not exhaust administrative remedies before filing suit. He attaches dozens of grievances and responses to the Complaint, which he claims are those relevant to this case. Therefore, it is clear he had access to the grievance process. However, none of those grievances apply to November 2015, when he saw Le on a single occasion. In fact, the last grievance is dated April 2015. Additionally, none of the grievances are directed to activities at Hamilton Correctional Institution, and none include hernia surgery as a topic. Finally, nearly every grievance concerns medical care provided by employees of Wexford Health Sources in prisons in the southern half of the state, not prisons where Corizon employees provided care.

Because Davis has been released from custody, he cannot correct these deficiencies. Dismissal of the claims against Corizon and Le are appropriate.

### III. Conclusion

For the foregoing reasons, the claims against Corizon and Le should be dismissed.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 3rd day of February, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

John B. Davis
1204 14th Street
Bradenton, FL 34205

Erik Kverne
*Attorneys for Defendant Julie Jones, Florida Department of Corrections*
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, FL 32399-1050
Phone: 850-414-3300
Email: erik.kverne@myfloridalegal.com

Michael J. Thomas
*Attorneys for Defendant Dr. Montoya*
PENNINGTON LAW
215 S. Monroe Street Suite 200
Tallahassee, FL 32301
Phone: 850.222.3533
Fax: 850.22.2126
Email: Mike@penningtonlaw.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, LLC and Dr. Le*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: 239.337.1630
Fax: 239-337.0307
Email: gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and csb@thetoomeylawfirm.com

By:    /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689