IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:15-cv-00649-MMH-JRK

JOHN BOYNTON DAVIS,

    Plaintiff,

vs.

JULIE JONES, SECRETARY OF FLORIDA
DEPARTMENT OF CORRECTIONS, IN HER
OFFICIAL CAPACITY,
CORIZON HEALTH CORPORATION, DR. CHUNG
LE, DR. MONTOYA, DR. MARCEUS, DR.
NICHOLAS CABRERO-MUNIZ, and

    Defendants.
_____/

## DEFENDANT NICHOLAS CABRERO-MUNIZ'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW the Defendant, **DR. NICHOLAS CABRERO-MUNIZ**, pursuant to Fed. R. Civ. P. 12 and by and through his undersigned counsel, and files his Motion to Dismiss Plaintiff's Third Amended Complaint, and states as follows:

1. Plaintiff JOHN BOYNTON DAVIS filed his Third Amended Complaint in this matter on April 28, 2016. (Doc. No. 22)

2. Plaintiff alleges that, in a single interaction in May 2015, Dr. Cabrero-Muniz violated his Constitutional rights pursuant to the 8th Amendment of the United States Constitution based on deliberate indifference to serious or chronic medical needs. Doc. No. 22 §§ V-VI.

3. Plaintiff's Third Amended Complaint fails to state a claim for which relief can be granted, and therefore must be dismissed.

4. In addition, Plaintiff failed to exhaust administrative remedies as it pertains to any allegations against Dr. Cabrero-Muniz, and is therefore barred from bringing this claim.

5. Plaintiff was released from prison on January 7, 2017.

**MEMORANDUM OF LAW**

I. **Background**

Dr. Cabrero-Muniz was, at the time alleged in the complaint, employed by Corizon and assigned to work at Hamilton Correctional Institution ("Hamilton"), where Plaintiff was incarcerated. Plaintiff notes a single interaction with Dr. Cabrero-Muniz, wherein he alleges that in May 2015, Dr. Cabrero-Muniz told Plaintiff that "he believed the Hepatitis C would eventually prove fatal for [Plaintiff] and still flatly refused to refer me for treatment." Doc. No. 22 § VI. Plaintiff attached numerous grievances filed with the Department of Corrections ("FDOC"), many of which were deemed non-compliant. However, none of the grievances attached to the Third Amended Complaint address the alleged incident with Dr. Cabrero-Muniz, and the last grievance filed appears to be dated 3/24/15. Plaintiff has not alleged that the administrative grievance process was unavailable to him after that date, or during his time at Hamilton.

II. **Argument**

A. **Plaintiff Fails to State an 8th Amendment Claim Pursuant to 42 U.S.C. § 1983.**

A cause of action in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). A complaint is insufficient, and may be dismissed, if it contains only legal conclusions or a mere recitation of the elements of the cause of action, as opposed to statements of ultimate facts that would support the relief sought. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to state an 8th Amendment claim based on

indifference to medical needs, the inmate must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mere negligence or inadvertence to a medical need is insufficient to meet this threshold. *Id.*

Plaintiff's sole allegation is that, in May 2015, Dr. Cabrero-Muniz told Plaintiff that his Hepatitis-C would eventually prove fatal, yet would not refer him for treatment. There are no allegations that Plaintiff suffered additional pain or other symptoms as a result of the lack of treatment between May 2015 and the time when Plaintiff was seen by Dr. Le in November 2015. At worst, if proven, the facts alleged by Plaintiff would amount to nothing more than potential negligence that did not result in Plaintiff suffering any harm. Therefore, Plaintiff's Third Amended Complaint must be dismissed as it pertains to Dr. Cabrero-Muniz, as Plaintiff has failed to state a cause of action.

### B. Plaintiff Failed to Exhaust Administrative Remedies as Required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Even assuming, *arguendo*, that Plaintiff's Third Amended Complaint is facially valid as it pertains to Dr. Cabrero-Muniz, Plaintiff has failed to exhaust administrative remedies and is therefore barred from pursuing this action. Prior to bringing a claim under federal law, prisoners must exhaust all available administrative remedies. 42 U.S.C. § 1997e. FDOC provides an administrative grievance process to all prisoners. The initial step in the grievance process is to file an informal grievance, which must be filed on form DC6-236. Fla. Admin. Code R. 33-103.005(2). The form must be submitted within twenty (20) days of the incident of which the inmate complains. Fla. Admin. Code R. 33-103.011(1)(a). If the inmate deems the response to his informal grievance to be unsatisfactory, he must then file a formal grievance (Fla. Admin. Code R. 33-103.006), followed by an appeal (Fla. Admin. Code R. 33-103.007) before he can

claim to have exhausted his administrative remedies. The formal grievance must be filed no more than fifteen (15) days from the date on which the informal grievance was responded to, and the appeal must be filed no more than fifteen (15) days from the date on which the formal grievance was responded to. Fla. Admin. Code R. 33-103.011(1). Dismissal of a claim is appropriate where a prisoner files suit while incarcerated, and fails to exhaust administrative remedies prior to his release, including failure to file timely or meet other procedural requirements. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

In order to have complied with the grievance process in relation to his interaction with Dr. Cabrero-Muniz, Plaintiff was required to file his initial informal grievance no more than twenty days after their interaction. Since Plaintiff does not allege a specific date on which he saw Dr. Cabrero-Muniz, it can only be inferred that his informal grievance must have been filed either in May or June of 2015. No such informal grievance was filed, therefore any additional steps Plaintiff would have been required to take are moot, as they also clearly did not occur. Since Plaintiff has been released, no further administrative remedy is available to him in regards to his interaction with Dr. Cabrero-Muniz, therefore it is impossible for him to comply with this requirement. For this reason, further amendment would be futile, and Plaintiff's claim against Dr. Cabrero-Muniz should be dismissed with prejudice.

### III. **Conclusion**

WHEREFORE, Defendant DR. NICHOLAS CABRERO-MUNIZ moves for this Honorable Court to enter an order dismissing Plaintiff's Third Amended Complaint with prejudice, along with any and all other relief the Court deems just and proper.

Respectfully submitted,

MICHAEL L. GLASS, ESQUIRE
FBN: 081272
**PAUL M. EZA, ESQUIRE**
FBN: 68708
STONE, GLASS & CONNOLLY, LLP
3020 Hartley Road, Suite 250
Jacksonville, Florida 32257
Telephone: (904) 886-1919
Facsimile: (904) 886-9292
*mglass@sgc-attorneys.com*
Attorneys for Defendant,
Dr. Nicholas Cabrero-Muniz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16 day of March, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and will send a copy of the foregoing via U.S. Mail and/or via ECF to John B. Davis, *pro se*, 1204 14th Street, Bradenton, Florida 34205; Erik Kverne, Esquire, Attorney for Defendant Julie Jones, Secretary of Florida Department of Corrections, at erik.kverne@myfloridalegal.com; Michael J. Thomas, Esq. counsel for Defendant Dr. Montoya, at mike@penningtonlaw.com; and Gregg A. Toomey, Esq., counsel for Defendants Corizon, LLC and Dr. Le, at gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and csb@thetoomeylawfirm.com.

PAUL M. EZA, ESQUIRE